IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KELLIE CAMPAGNA-WASHINGTON,

     Plaintiff,

vs.                          Case No. 4:05cv75-WS/WCS

MITCHELL & CO., CPAs,

     Defendant.

_____/


## REPORT AND RECOMMENDATION

On December 7, 2005, Plaintiff's counsel filed a motion to withdraw.  Doc. 26.

The motion was granted by Senior District Judge Stafford on December 20, 2005.  Doc.

28.  Within the order granting the motion, Plaintiff was ordered to file by January 30,

2006, *either* a notice of her intent to proceed *pro se* in this case or a notice advising of

new counsel.  Doc. 28.  Plaintiff was specifically advised that should she fail to respond

to that court order "on or before January 30, 2006, the case [would] be dismissed for

failure to prosecute."  *Id.*

Additionally, on January 9, 2006, the undersigned issued an order noting that a

response was needed to Defendant's pending motion to compel discovery, doc. 25.

Doc. 31.  Plaintiff was given until January 30, 2006, to "file a response to this motion,

either on her own behalf without a lawyer, or by the lawyer who enters an appearance on her behalf."  Doc. 31.

Both of the deadlines set in the court order have now passed without a response from Plaintiff.  Plaintiff was specifically warned that this case would be dismissed if she failed to comply with the court order.  Doc. 28.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Moreover, local court rules provide that a case may be dismissed when a litigant fails to show good cause for not complying with court rules or prosecuting his or her case.  N.D. Fla. Loc. R. 41.1(B).

Since Plaintiff has failed to comply with two court orders and has not filed a response to the motion to compel or a response to the order by Judge Stafford, this case should be dismissed.  Should Plaintiff be able to demonstrate good cause for having failed to respond to the two court orders, Plaintiff must immediately file objections as explained below.

In light of the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** for failure to comply with court orders and failure to prosecute this litigation.

**IN CHAMBERS** at Tallahassee, Florida, on February 3, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.